UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

KEVIN C. NEAL, :
:
    Petitioner :
:
v. : CIVIL NO. 3:CV-14-2283
:
WARDEN ENTZEL, : (Judge Kosik)
:
    Respondent :

FILED
SCRANTON
DEC 19 2014
PER _____
DEPUTY CLERK

**MEMORANDUM**

Before the court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 and supporting memorandum filed by Kevin C. Neal ("Petitioner"), an inmate confined at the Federal Correctional Institution at Schuylkill, Pennsylvania. The matter is presently before the court for screening. See 28 U.S.C. § 2243. Petitioner has submitted the required filing fee in this matter. For the reasons that follow, the petition will be dismissed for lack of jurisdiction.

**I.    Background**

Following a trial in June of 2003, a jury in the United States District Court for the Middle District of Tennessee found Petitioner guilty of Conspiracy to Distribute 5 kilograms or more of cocaine in violation of 21 U.S.C. § 846 and Possession with

Intent to Distribute 500 grams or more of cocaine in violation of 21 U.S.C. § 841(a)(1). On December 5, 2003, he was sentenced to imprisonment for 240 months as to each count, to run concurrently, to be followed by a ten (10) year period of supervised release. In accessing PACER[1], it appears that on February 21, 2006, his conviction and sentence was affirmed by the Sixth Circuit Court of Appeals. See United States v. Neal, No. 04-5093 (6th Cir. 2006). On December 12, 2011, a motion to vacate pursuant to 28 U.S.C. § 2255 was filed with the sentencing court. See Neal v. United States of America, 3:11-cv-1176 (M.D. Tenn)(Nashville). On May 8, 2012, the petition was dismissed as barred by the statute of limitations. An appeal therefrom was dismissed on September 21, 2012, for failure to either pay the required filing fee or file an application to proceed in forma pauperis.

On February 4, 2014, Petitioner filed a "Motion for Relief of a Watershed Rule of Law" with the sentencing court. On March 3, 2014, this motion was construed to be a motion to file a second/successive habeas petition, and was transferred to the Sixth Circuit Court of Appeals. On April 22, 2014, the Court of Appeals dismissed the petition due to Petitioner's failure to prosecute it. See In re: Kevin Cordial Neal, No. 14-5249 (6th Cir. 2014).

---

[1] See PACER, Public Access to Court Electronic Records, located at https://pacer.login.uscourts.gov.

The instant federal habeas petition pursuant to § 2241 was filed in this court on December 1, 2014. In the petition, Petitioner clearly challenges his sentence. He maintains that the drug quantity in the probation agency report is no longer good sentencing law. In support of his argument that his sentence is unlawful, he relies on various cases including United States v. Collins, 415 F.3d 304 (4th Cir. 2005), United States v. Figaro-Labrada, 720 F.3d 1258 (10th Cir. 2013), Apprendi v. New Jersey, 530 U.S. 466 (2000) and Alleyne v. United States, ___ U.S. ___, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013).

## II. Discussion

Habeas corpus petitions brought under § 2241 are subject to summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. § 2254 (1977)(Rule 4 applies to § 2241 petitions under Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts). See, e.g., Patton v. Benton, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979)(explaining that Rule 4 is "applicable to Section 2241 petitions through Rule 1(b)"). Rule 4 provides in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

"[T]he usual avenue for federal prisoners seeking to challenge the legality of

their confinement," including a challenge to the validity of a conviction or to a sentence, is by way of a motion filed under 28 U.S.C. § 2255. In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997). See also United States v. Miller, 197 F.3d 644, 648 n. 2 (3d Cir. 1999)(stating that § 2255 provides federal prisoners a means by which to bring collateral attacks challenging the validity of their judgment and sentence); Snead v. Warden, F.C.I. Allenwood, 110 F. Supp. 2d 350, 352 (M.D. Pa. 2000)(finding that challenges to a federal sentence should be brought in a motion filed under 28 U.S.C. § 2255). Motions for relief under § 2255 must be filed in the district court where the defendant was convicted and sentenced. Here, Petitioner is clearly challenging his conviction and sentence. Thus, his proper avenue of relief is a section 2255 motion filed in the district court where he was convicted and sentenced. See 28 U.S.C. § 2255(e)(stating that the motion must be filed in "the court which sentenced him").

As a general rule, a § 2255 motion "supersedes habeas corpus and provides the exclusive remedy" to one in custody pursuant to a federal court conviction. Strollo v. Alldredge, 463 F.2d 1194, 1195 (3d Cir. 1972). "Section 2241 'is not an additional, alternative or supplemental remedy to 28 U.S.C. § 2255.'" Gomez v. Miner, No. 3:CV-06-1552, 2006 WL 2471586, at *1 (M.D. Pa. Aug. 24, 2006)(quoting Myers v. Booker, 232 F.3d 902 (10th Cir. 2000)).

A defendant is permitted to pursue relief under 28 U.S.C. § 2241 only where he shows that the remedy under § 2255 would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); see also United States v. Brooks, 230 F.3d 643, 647 (3d Cir. 2000). The claimed inadequacy or ineffectiveness must be "a limitation of scope or procedure ... prevent[ing] a § 2255 proceeding from affording ... a full hearing and adjudication of [a] wrongful detention claim." Okereke v. United States, 307 F.3d 120 (3d Cir. 2002)(citing Cradle v. United States, 290 F.3d 536, 538 (3d Cir. 2002)(per curiam)). "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." Cradle, 290 F.3d at 538-39 (citing Garris v. Lindsay, 794 F.2d 722, 727 (D.C. Cir. 1986)). The Petitioner has the burden of proving that § 2255 would be an inadequate or an ineffective remedy. Reyes-Racine v. United States, 243 F.3d 893, 901 (5th Cir. 2001)(citing Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000)). Accordingly, "[s]ection 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." Cradle, 290 F.3d at 539. Section 2241 should not be used as a way of evading the gatekeeping requirements of section 2255. Brown v. Mendez, 167 F. Supp. 2d 723, 727 (M.D. Pa. 2001). If a petitioner improperly challenges a federal conviction or sentence under § 2241, the petition

must be dismissed for lack of jurisdiction. <u>Application of Galante</u>, 437 F.2d 1164, 1165 (3d Cir. 1971).

Here, it is apparent that the pending petition is not viable under 28 U.S.C. § 2241. Petitioner admits that he has filed a § 2255 petition in the sentencing court thereby evidencing that his remedy by way a motion under § 2255 is not unavailable or inadequate. The fact that it was not timely does not make the § 2255 remedy unavailable or inadequate. Moreover, to the extent Petitioner attempts to rely on case law not previously available to him when he sought relief pursuant to § 2255 to challenge his federal conviction and sentence, he is first required to seek permission from the United States Court of Appeals for the Sixth Circuit for leave to file a successive petition.

In reviewing the instant habeas petition, Petitioner states that he has never filed a motion in a United States Court of Appeals under 28 U.S.C. § 2244(b)(3)(A) seeking permission to file a second or successive Section 2255 motion to challenge his conviction or sentence. (Doc. 1, Pet. at 5.) In reviewing the docket sheets relevant to his underlying criminal conviction and any related matters in the Sixth Circuit, to the extent his "Motion for Relief of a Watershed Rule of Law" filed in the sentencing court was transferred to the Sixth Circuit as a request to file a second or successive petition, any such request was never considered by the appellate court in

6

that it was dismissed for lack of prosecution by Petitioner. As such, there remains the possibility that Petitioner could be granted permission by the Sixth Circuit to file a successive § 2255 motion, if appropriate, if he filed and properly pursued such a request. Consequently, the court will dismiss the instant petition filed under 28 U.S.C. § 2241, without prejudice, to Petitioner requesting leave to file a second or successive § 2255 motion.[2] Even then, it is only where a petitioner falls within the narrow exception outlined in Dorsainvil in which § 2241 relief could be sought in this court. In Dorsainvil, the Third Circuit held that § 2241 relief was available only in very narrow instances to a petitioner who had no earlier opportunity to challenge his conviction for conduct that an intervening change in substantive law made no longer criminal. Dorsainvil, 119 F.3d at 251. For these reasons, the instant petition will be dismissed for lack of jurisdiction. An appropriate order follows.

---

[2] Under the "gatekeeping" provision of the AEDPA, a defendant seeking to file a second § 2255 motion must obtain from the court of appeals having jurisdiction over the sentencing court an order authorizing the sentencing court to consider the second motion. A court of appeals may grant leave to file a second § 2255 petition only if the defendant presents (a) newly discovered evidence undermining the guilty verdict or (b) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court that was previously unavailable." 28 U.S.C. § 2255.